```
                IN THE UNITED STATES DISTRICT COURT
                     FOR THE DISTRICT OF KANSAS


RAMBO RAY SHELTON,

                              Plaintiff,

              v.                              CASE NO. 19-3039-SAC

CITY OF SALINA, et al.,

                              Defendants.
```

**NOTICE AND ORDER TO AMEND THE COMPLAINT**

This matter is a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a pretrial detainee, proceeds pro se and seeks leave to proceed in forma pauperis.

### The nature of the case

The complaint names as defendants the City of Salina, Kansas; a state district judge; the district attorney of Saline County, Kansas; and the Salina Police Department (SPD). Plaintiff alleges the city water supply contains toxins, and he claims that after he "blew the whistle" on procurement fraud contracts, he has been a victim of "gangstalking" and "community mobbing". He claims the defendant judge has stayed his proceedings during his placement at the Larned State Hospital (LSH). He attributes this to retaliation, and he claims he exposed the judge in the course of his whistle-blowing activities. He claims it is a conflict for the defendant to preside in his cases, and he alleges that he is "in immediate direct danger" of being injected with medications.

Plaintiff seeks damages from the City for injury caused by the allegedly contaminated drinking water, he seeks damages from the SPD

for an allegedly unlawful arrest and charges in the cases before the defendant district judge, and he seeks damages from the judge for his alleged participation in the community mobbing against him, for his manipulation of the cases involving plaintiff, and for his abuse of discretion in ordering plaintiff to the LSH and in staying his cases while he is placed there.

**The motion to proceed in forma pauperis**

This motion is governed by 28 U.S.C. § 1915(b). Because plaintiff is a prisoner, he must pay the full filing fee in installment payments taken from his prison trust account when he "brings a civil action or files an appeal in forma pauperis[.]" § 1915(b)(1). Pursuant to § 1915(b)(1), the court must assess, and collect when funds exist, an initial partial filing fee calculated upon the greater of (1) the average monthly deposit in his account or (2) the average monthly balance in the account for the six-month period preceding the filing of the complaint. Thereafter, the plaintiff must make monthly payments of twenty percent of the preceding month's income in his institutional account. § 1915(b)(2). However, a prisoner shall not be prohibited from bringing a civil action or appeal because he has no means to pay the initial partial filing fee. § 1915(b)(4).

The Court has examined the financial records submitted by the plaintiff and finds that the average balance in his institutional account was $46.60 and the average deposit was $140.15.[1] The Court therefore assesses an initial partial filing fee of $28.00, twenty per cent of the average deposit. Plaintiff will be directed to submit that amount and remains obligated to pay the full filing fee of $350.00

---

[1] The Court has used the period November 2018 through February 2019 in calculating these amounts. It appears plaintiff was incarcerated briefly in September 2018 but was not incarcerated in October 2018.

in installments.

## Screening

A federal court must conduct a preliminary review of any case in which a prisoner seeks relief against a governmental entity or an officer or employee of such an entity. *See* 28 U.S.C. §1915A(a). Following this review, the court must dismiss any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from that relief. *See* 28 U.S.C. § 1915A(b).

In screening, a court liberally construes pleadings filed by a party proceeding pro se and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state a claim for relief under Section 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48-49 (1988)(citations omitted).

To avoid a dismissal for failure to state a claim, a complaint must set out factual allegations that "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court accepts the well-pleaded allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Id*. However, "when the allegations in a complaint, however, true, could not raise a [plausible] claim of entitlement to relief," the matter should be dismissed. *Id*. at 558. A court need not accept "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S.

662, 678 (2009). Rather, "to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

The Tenth Circuit has observed that the U.S. Supreme Court's decisions in *Twombly* and *Erickson* set out a new standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) dismissals. *See Key v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007)(citations omitted). Following those decisions, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (quotation marks and internal citations omitted). A plaintiff "must nudge his claims across the line from conceivable to plausible." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). In this context, "plausible" refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct much of it innocent," then the plaintiff has not "nudged [the] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (citing *Twombly* at 1974).

### Discussion

The Court has carefully considered the complaint under the screening standards and concludes that plaintiff has failed to properly and adequately plead a cause of action. Plaintiff will be allowed the opportunity to amend the complaint to comply with the Federal Rules of Civil Procedure.

*Compliance with Rule 8*

The two purposes of a complaint are to provide the opposing parties with fair notice of the basis for the claims against them so they may respond and to allow the Court to conclude that the claims, if proven, show that the plaintiff is entitled to relief. *Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must present "a short and plain statement of the grounds for the court's jurisdiction", "a short and plain statement of the claim showing that the pleader is entitled to relief", and "a demand for the relief sought." It must contain allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1).

Plaintiff offers no factual support for his claims of toxins in the water supply, no explanation of why his arrest was illegal, no specific claims of fact concerning the defendant judge, and no allegations at all concerning the defendant prosecutor. To survive an initial screening, plaintiff must to amend the complaint to present specific allegations of fact against each defendant.

*Compliance with Rules 20 and 18*

Plaintiff also must comply with Rules 20 and 18 of the Federal Rules of Civil Procedure in filing an amended complaint. Rule 20 governs permissive joinder of parties and provides, in relevant part:

> (2) Defendants. Persons…may be joined in one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and

>    (B) any question of law or fact common to all
> defendants will arise in the action.

Fed. R. Civ. P. 20(a)(2).

Rule 18(a) governs joinder of claims and provides, in part: "A party asserting a claim … may join ... as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). While joinder is encouraged to promote judicial economy, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues." *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp. 2d 1210, 1225 (D.Kan. 2001)(citation omitted). *See also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)(Under Rule 18(a), "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

Requiring adherence to the federal rules on joinder of parties and claims in prisoner suits prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]." *Id*. It also prevents a prisoner from avoiding the fee obligations and the three-strike provision of the Prison Litigation Reform Act. *Id*. (Rule 18(a) ensures "that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.").

Accordingly, under Rule 18(a), a plaintiff may bring multiple claims against a single defendant. Under Rule 20(a)(2), he may join

in one action any other defendants who were involved in the same transaction or occurrence and as to whom there is a common issue of law or fact. He may not bring multiple claims against multiple defendants unless the nexus required in Rule 20(a)(2) is demonstrated with respect to all defendants named in the action.

The Federal Rules authorize the court, on its own initiative at any stage of the litigation, to drop any party and sever any claim. Fed. R. Civ. P. 21; *Nasious v. City & Cnty. Of Denver Sheriff's Dept.*, 415 F. App'x 877, 881 (10th Cir. 2011)(to remedy misjoinder, the court has two options: (1) misjoined parties may be dropped or (2) any claims against misjoined parties may be severed and may proceed in a separate action).

Therefore, in any amended complaint, plaintiff must set forth the transactions or occurrences which he intends to pursue in accordance with Rules 18 and 20 and must limit the facts and allegations to properly-joined parties and claims. Plaintiff must allege facts in his complaint showing that all counts arise out of the same transaction, occurrence, or series of transactions; and that a question of law or fact common to all named defendants will arise in the action.

For the reasons set forth, the Court directs plaintiff to submit an amended complaint that complies with Fed. R. Civ. P. 8, 20, and 18.

An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court. It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint. Plaintiff must write the number of this case, 19-3039-SAC, at the top of the first page of his Amended Complaint, and he must name every defendant in the caption of the Amended Complaint. *See* Fed. R. Civ. P. 10(a). Plaintiff should also refer to each defendant in the body of the complaint, where he must allege facts describing the unconstitutional acts taken by each defendant including information concerning the dates, locations, and circumstances of those acts. Plaintiff must allege sufficient facts to show a federal constitutional violation.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before May 28, 2019, plaintiff shall submit an initial partial filing fee of $28.00.

IT IS FURTHER ORDERED that on or before May 28, 2019, plaintiff shall submit an amended complaint on a form to be provided by the clerk of the court. The failure to file a timely response may result in the dismissal of this matter without additional prior notice.

**IT IS SO ORDERED.**

DATED: This 26th day of April, 2018, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge